IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MONROE R. PARKER, JR.          *
                               *
v.                             *   Civil Action No. WMN-16-182
                               *
FABIAN WHITE                   *
                               *

* * * * * * * * * * * * * * * *

**MEMORANDUM**

This case arises out of Defendant's attempts to evict Plaintiff from Defendant's rental property after Plaintiff's ongoing failure to pay his rent. Proceeding pro se, Plaintiff filed this action on January 15, 2016, asserting that Defendant violated an automatic bankruptcy stay by attempting to proceed with the eviction. Plaintiff also states that he "seeks damages for Libel, Slander and Character Assassination." Compl. at 2.

On July 11, 2016, Defendant filed a Motion to Dismiss, or in the Alternative, for Summary Judgment. ECF No. 13. In that motion, Defendant characterized the Complaint as attempting to state two claims. The first claim is for a violation of the automatic bankruptcy stay provision of 11 U.S.C. § 362, and the second claims is for defamation. The Court agrees with Defendant's characterization of Plaintiff's claims.

To establish a claim for violation of the automatic bankruptcy stay, a plaintiff must prove:

(1) debtor filed a petition;

>  (2) debtor is an individual under the automatic stay provision;
>
>  (3) creditor received notice of the petition;
>
>  (4) creditor's actions were in willful violation of the automatic stay; and
>
>  (5) debtor suffered damages.

In re Bedford Town Condo., 2010 WL 3777826, at *4 (Bankr. D. Md. Sept. 20, 2010). Defendant argues that he is entitled to summary judgment on this claim because Plaintiff suffered no damages as a result of the alleged violation of the stay. Defendant explains that the only action he took after the bankruptcy stay was in place but before he became aware of the stay was sending Plaintiff a letter on January 12, 2016, telling him that he had 30 days to vacate the property. ECF No. 13-9. Once Defendant learned of the bankruptcy, he took no further action until the stay was lifted. See Def.'s Aff. ¶ 14, ECF No. 13-4. Defendant posits that Plaintiff suffered no damages as a result of receiving that one letter.

To establish a claim for defamation, a plaintiff must plead and prove four elements:

>  (1) that the defendant made a defamatory statement to a third person,
>
>  (2) that the statement was false,
>
>  (3) that the defendant was legally at fault in making the statement, and

2

> (4) that the plaintiff thereby suffered harm. A defamatory statement is one which tends to expose a person to public scorn, hatred, contempt or ridicule, thereby discouraging others in the community from having a good opinion of, or associating with, that person.

Norman v. Borison, 17 A.3d 697, 705 n.10 (Md. 2011). Defendant argues the only statements he made concerning Plaintiff were either made in letters to Plaintiff or in court proceedings. As to the letter to Plaintiff, those statements were not made to a third person and, thus, cannot support a defamation claim. As to statements made in court proceedings, those statements are subject to an absolute privilege. See Caldor, Inc. v. Bowden, 625 A.2d 959, 966 (Md. 1993) ("Maryland has long recognized the existence of an absolute privilege for defamatory utterances made during the course of judicial proceedings or contained in documents directly related to such proceedings.").

On July 12, 2016, the Clerk of this Court sent a letter to Plaintiff explaining that a motion had been filed that could result in the dismissal of his case or the entry of judgment against him. ECF No. 14. That letter also informed Plaintiff that he had seventeen days from that date to respond to the motion and cautioned that, if he failed to respond, the Court could dismiss the case or enter judgment against him without further notice. Id. Plaintiff failed to submit any response.

3

The unopposed motion and the exhibits attached thereto make clear that Plaintiff suffered no harm from the alleged violation of the automatic stay and that Defendant made no actionable defamatory statement concerning Plaintiff. Because there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law, see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Francis v. Booz, Allen & Hamilton, Inc., 452 F.3d 299, 302 (4th Cir. 2006), the Court, by separate Order, shall grant summary judgment in favor of Defendant and against Plaintiff.

                                                                           /s/
                                     William M. Nickerson
                                     Senior United States District Judge

DATED: September 16, 2013